## ELIZA WILLIAMS vs. JAMES CAMPBELL.

Where both parties to a complaint for the maintenance of a bastard child live within the State, such complaint may be brought and prosecuted in the county where one of the parties lives, although the child was begotten and born in another county

THIS was a complaint charging the respondent as the father of a bastard child born of the complainant. On the trial in the court of common pleas, it was in evidence that the child was born in the county of Suffolk. The respondent objected that the complaint should have been made and prosecuted in that county. The objection was overruled, and a verdict found for the complainant ; whereupon the respondent alleged exceptions.

*Morse*, for the respondent, cited *Commonwealth* v *Cole*, 1 Mass. 519. 1 U. S. Digest, Bastard, 22. Rev. Sts. c. 49.

*L. Williams* for the complainant, cited *Dennett* v. *Kneeland*, 6 Greenl. 460.

WILDE, J. The only question argued by counsel is, whether this is a criminal prosecution, or a civil suit by the complainant to obtain judgment of paternity for her bastard child. But we do not think that the exception, taken to the ruling of the court below, necessarily depends on the decision of this question. The objection made by the defendant's counsel at the trial, and which was overruled by the court, was, that the prosecution was commenced in the wrong county ; it appearing on the trial, that the child was born in the county of Suffolk. Now admitting that this is to be considered as a criminal prosecution in the fullest sense, it does not follow that the prosecution is to be in the county where the child was born. The birth of the child is certainly not the offence charged ; and it is immaterial in what town or county the child was born. The prosecution may be commenced before the birth of the child, and it cannot be supposed that the legislature intended to leave the question, as to the county in which the prosecution is to be commenced, to depend on a future contingent event.

The defendant's exception, therefore, cannot be sustained on the ground assumed. We are not informed by the bill of exceptions in what county it was proved that the child was begotten. The exception is, that the court ruled that it was not required by law that the prosecution should be in the county where the child was born, and this is the only question presented by the exceptions.

We are however of opinion that this prosecution is essentially of the nature of a civil action, although in the forms of proceeding it more resembles a criminal prosecution. The complainant alone can prosecute the suit, and she may discontinue it, and release the cause of action. The object of the suit is the redress of a civil injury, and the defendant, if he had prevailed, would have been entitled to costs, as the prevailing party.

In all these particulars, and some others that might be named, the case has no resemblance to a criminal prosecution. *Hinman* v. *Taylor*, 2 Connect. 357. *Hill* v. *Wells*, 6 Pick. 104

We think, therefore, that this suit comes within the Rev. Sts. *c.* 90, § 14, which provides that " all transitory actions, between parties who both live within the State, shall, except in cases in which it is otherwise provided, be brought in the county where one of the parties lives." This provision was made for the convenience of litigating parties, and the reason of the provision is applicable to the present case. If then the exception to the jurisdiction of the court had been taken, and it had been shown that the child had been begotten in the county of Suffolk, still we are of opinion that the exception could not be sustained, if either party lived in the county of Middlesex.

*Exceptions overruled.*